IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

| | |
|---|---|
| SHELIA WALLINGSFORD, individually and in her capacity as representative of the ESTATE OF JAMES WALLINGSFORD, § § § § | |
| Plaintiff, § § | |
| § | CIVIL ACTION NO. _____ |
| v. § § | |
| SEACOR MARINE, LLC, SEACOR LIFTBOATS, LLC and TALOS ENERGY, LLC, § § § § § | |
| Defendants. § | |

## NOTICE OF REMOVAL

Defendant, Talos Energy LLC (incorrectly identified as "Talos Energy, LLC", hereafter "Talos"), files its Notice of Removal of this civil action to the United States District Court for the Southern District of Texas, Houston Division, and respectfully would show as follows:

### I.

### PENDING STATE COURT SUIT

1. On April 27, 2021, Plaintiff, Shelia Wallingsford, filed a civil action naming Talos, SEACOR Marine, LLC ("SEACOR Marine") and SEACOR Liftboats, LLC ("SEACOR Liftboats"), as the defendants in Cause Number 2021-25081, *Shelia Wallingsford, individually and in her capacity as the representative of the Estate of James Wallingsford v. SEACOR Marine, LLC, SEACOR Liftboats, LLC and Talos Energy, LLC,* in the 269th District Court in Harris County, Texas. In Plaintiff's Original Petition for Damages and Jury Demand ("Petition"), Plaintiff alleged causes of action sounding in negligence and gross negligence against defendants for the alleged wrongful death of James "Tracy" Wallingsford ("Decedent") while located on the

L/B SEACOR POWER allegedly owned by SEACOR Marine, and for the unseaworthiness of the SEACOR POWER which capsized on or about April 13, 2021, in the Gulf of Mexico, approximately eight (8) miles south of Port Fourchon, Louisiana, outside of Louisiana's territorial waters, and thereafter came to rest on the sea floor of the Outer Continental Shelf.

2. SEACOR Marine is allegedly the owner, operator, manager and owner pro hac vice of the SEACOR POWER and the employer of Decedent. Because SEACOR Marine is the employer of an apparent Jones Act seaman, Talos has not obtained the consent of SEACOR Marine in accordance with 28 U.S.C. § 1441(c)(2).

3. SEACOR Liftboats' connection to the SEACOR POWER or her capsizing is not alleged in the Petition. Rather, the Petition has identified both SEACOR Liftboats and SEACOR Marine collectively as "Seacor".

4. Talos is an owner and the operator of Platform G, a fixed oil and gas development, production and transportation platform, permanently affixed to Block 138, Main Pass Area, on the Outer Continental Shelf (hereafter "MP 138 G") and at all relevant times was the time charterer of the SEACOR POWER.

5. On April 13, 2021, the SEACOR POWER was en route from Port Fourchon to Talos' MP 138 G, on board was her navigation crew and contractor personnel as well as a coiled tubing unit, pumps, and associated equipment and other cargo to perform coiled tubing operations associated with the recompletion (also known as a "workover") of Well No. 1, a natural gas well, at MP 138 G.

6. As she was navigating federal waters more than three (3) nautical miles from the Coast of Louisiana, the SEACOR POWER capsized during a major storm, and came to rest on the sea floor of the Outer Continental Shelf approximately eight (8) miles due south of Port

Fourchon.

7. Talos did not employ decedent Wallingsford in any capacity.

8. Had the SEACOR POWER not capsized en route to MP 138 G, the SEACOR POWER would have been rendering services to Talos' MP 138 G, not only in housing personnel who worked or were scheduled to work on the No. 1 gas well, but also in the transportation of personnel, equipment and material from the shore to MP 138 G and from MP 138 G to the shore, as well as serving as the work platform for personnel and equipment and providing the crane lifting capacity to perform the planned coiled tubing operations on the No. 1 gas well, all as part of MP 138 G's operations as a natural gas production platform undergoing recompletion and/or workover activities.

9. The name and address of the court from which the case is being removed is:

> 269th District Court of Harris County, Texas
> 201 Caroline, 13th Floor
> Houston, TX 77002

10. The following documents are indexed and attached to this Notice of Removal:

Exhibit "A" – certified copies of the following state court pleadings and process:

> A-1 – Plaintiff's Original Petition
>
> A-2 – Return of Service on Talos
>
> A-3 – Return of Service on SEACOR Marine
>
> A-4 – Return of Service on SEACOR Liftboats

Exhibit "B" – lists all counsel of record including address, telephone and fax number, and the parties they represent, respectively.

11. Presently, there has been no action taken by the state court in its proceeding.

## II.

## TIMING OF REMOVAL

12. Talos was served with the Petition and Summons on May 3, 2021 through service on Talos's agent for service of process. SEACOR Marine and SEACOR Liftboats also were served with the Petition and Summons on May 3, 2021, through service on their agent for service of process. Thus, this Notice of Removal is timely, in accordance with 28 U.S.C. § 1446(b)(1) because this Notice of Removal was filed within 30 days of service of the Petition upon defendants, which was their first notice of the action.

## III.

## REMOVAL JURISIDICTION

13. This case is removable to this Court pursuant to 28 U.S.C. § 1441(a) as being a civil action brought in state court, but over which this federal district court has original jurisdiction.

14. Pursuant to the Outer Continental Shelf Lands Act ("OCSLA"), this Court has original jurisdiction over "cases and controversies arising out of, or in connection with … any operation conducted on the outer Continental Shelf which involves exploration, development, or production of the minerals, of the subsoil and seabed of the outer Continental Shelf…" 43 U.S.C. § 1349(b)(1); *see also* 43 U.S.C. § 1333(a)(1)-(2). The United States Fifth Circuit broadly interprets this jurisdictional grant under OCSLA. *See, e.g., In re DEEPWATER HORIZON*, 745 F.3d 157, 163 (5th Cir. 2014), *cert. denied*, 135 S. Ct. 401 (2014).

15. The Fifth Circuit applies "a but-for test" for determining the existence of OCSLA jurisdiction, asking "whether: (1) the activities that caused the injury constituted an 'operation' 'conducted on the Outer Continental Shelf that involved the exploration and production of

minerals', and (2) the case 'arises out of, or in connection with' the operation." *Id*. at 163. Both of those requirements for jurisdiction under OCSLA are satisfied here.

16. First, Decedent's employment with Seacor furthered mineral development on the OCS by assisting in the recompletion (workover) of the No. 1 gas well at MP 138 G. Talos' operations at MP 138 G were and are conducted on the OCS in connection with the extraction of natural gas from beneath the seabed. Thus, Decedent's work and anticipated work on the L/B SEACOR POWER was in direct connection with Talos' mineral development operations on the OCS. *See Hufnagel v. Omega Serv. Indus., Inc.,* 182 F.3d 340, 350 (5th Cir.1999).

17. Second, Decedent's alleged wrongful death would not have occurred but for Talos' operations at MP 138 G and the need for the SEACOR POWER and Decedent to travel to that work location to assist in the recompletion / workover of the No. 1 gas well. If Decedent had not been assigned to work on the SEACOR POWER, then he would not have been traveling on the SEACOR POWER when it capsized and where he died. *Hubbard v. Laborde Marine LLC*, 2014 WL 12776414 (E.D. La. 2014) (Plaintiff would not have been aboard the M/V RIG RUNNER but-for the extraction of minerals from the OCS. Accordingly, his injuries are sufficiently related to the operations on the OCS for this Court to exercise jurisdiction"); *Sam v. Laborde Marine, L.L.C*., 2020 WL 59633 (S.D. Tex. 2020) (Lake, J.).

18. The issue of whether an action is removable is not determined by the substantive law applicable to the Plaintiff's claims, but rather by the existence of subject matter jurisdiction in federal court. "[Their] attempt to intertwine the Section 1349 jurisdictional inquiry with OCSLA's choice of law provision, 43 U.S.C. § 1333, fails because the provisions and the issues they raise are distinct." *DEEPWATER HORIZON*, 745 F.3d at 164. "Federal courts may have jurisdiction to adjudicate a dispute under OCSLA, but they must then turn to the OCSCLA

choice of law provision to ascertain whether state, federal or maritime law applied to a particular case." *Id*. Accordingly, the substantive law applicable to Plaintiff's claims has no bearing on this Court's OCSLA jurisdiction. For the reasons given above, OCSLA jurisdiction exists over this case based on the two-part test applied in the Fifth Circuit, and the case is properly removable on that basis.

### IV.

### VENUE

19. Under 28 U.S.C. § 1441(a), venue for a removed action is proper in this Court as the 269th District Court of Harris County, Texas, where the state action is pending, is located within this district and division.

### V.

### ANSWER

20. No answer was filed by defendants in the state court proceeding. Talos will file responsive pleadings to the Petition within five (5) days of removal.

### VI.

### NOTICE TO ADVERSE PARTIES AND TO STATE COURT

21. As the removing party, Talos will give Plaintiff prompt written notice of this Notice of Removal as required by 28 U.S.C. § 1446(d).

22. Talos also will file a copy of this Notice of Removal with the Clerk of Court for the 269th District Court, Harris County, Texas, where the state court action is currently pending, as required by 28 U.S.C. § 1446(d), and will serve these pleadings on Plaintiff's counsel.

## VII.

## **CONSENT TO REMOVAL NOT NECESSARY**

23. As discussed above, SEACOR Marine and SEACOR Liftboats are collectively referred to as "Seacor" in the Petition. The Petition further alleged, "At all material times herein, James Wallingsford, was employed by Seacor as a member of the crew of the *SEACOR Power* in the capacity of deck hand/crane operator." (Petition, para. 5.8). Because the Petition alleges that Decedent was a seaman employed by Seacor (i.e., both SEACOR Marine and SEACOR Liftboats), consent to this Notice of Removal was not required from either SEACOR Marine or SEACOR Liftboats. 28 U.S.C. § 1441(c)(2). See also 46 U.S.C. § 30104 and 28 U.S.C. § 1445.

**WHEREFORE**, Talos Energy LLC respectfully requests that this Notice of Removal be accepted as good and sufficient and that the above-described action be removed from the 269th District Court of Harris County, Texas, to the United States District Court for the Southern District of Texas, Houston Division for trial and determination as provided by law; that this Court enter such orders and issue such process as may be necessary and proper to bring before it copies of all records and proceedings presently pending in the aforesaid state court suit, and thereupon proceed with this civil action as if originally commenced in this Court; and that this Court enter all necessary and appropriate orders and decrees in accordance with applicable law.

New Orleans, Louisiana, this 20th day of May, 2021.

Respectfully submitted,

**KING & JURGENS, L.L.C.**

/s/   James D. Bercaw
GEORGE B. JURGENS, III, T.A.
JAMES D. BERCAW
TIMOTHY S. MADDEN
JEDD S. MALISH
Motions for admission *pro hac vice* to be filed
201 St. Charles Avenue, 45TH Floor
New Orleans, Louisiana 70170
Telephone: (504) 582-1272
Facsimile: (504) 582-1233
gjurgens@kingjurgens.com
jbercaw@kingjurgens.com
tmadden@kingjurgens.com
jmalish@kingjurgens.com

*Attorneys for defendant, Talos Energy LLC*