Case 4:21-cv-01657   Document 1-1   Filed on 05/20/21 in TXSD   Page 1 of 10

4/27/2021 2:40 PM
Marilyn Burgess - District Clerk Harris County
Envelope No. 52871471
By: Courtni Gilbert
Filed: 4/27/2021 2:40 PM

CAUSE NO:_____

| | |
|---|---|
| SHELIA WALLINGSFORD, INDIVIDUALLY AND IN HER CAPACITY AS REPRESENTATIVE OF THE ESTATE OF JAMES WALLINGSFORD <br><br> V. <br><br> SEACOR MARINE, LLC, SEACOR LIFTBOATS, LLC AND TALOS ENERGY, LLC | IN THE DISTRICT COURT <br><br> HARRIS COUNTY, TEXAS <br><br> _____JUDICIAL DISTRICT |

**PLAINTIFF'S ORIGINAL PETITION FOR DAMAGES AND JURY DEMAND**

TO THE HONORABLE JUDGE OF SAID COURT:

COMES NOW Plaintiff, SHELIA WALLINGSFORD, INDIVIDUALLY AND IN HER CAPACITY AS REPRESENTATIVE OF THE ESTATE OF JAMES WALLINGSFORD ("Plaintiff"), complaining of Defendants SEACOR Marine, LLC and SEACOR Liftboats, LLC (collectively "Seacor"), and Talos Energy, LLC ("Talos"), and for cause of action, would respectfully show this Honorable Court as follows:

## I. DISCOVERY CONTROL PLAN

1.1  Plaintiff intends to conduct discovery under Level 3 of Texas Rule of Civil Procedure 190.4.

1.2  Plaintiff affirmatively pleads this suit does not fall under the expedited-actions process of Texas Rule of Civil Procedure because Plaintiff is seeking monetary relief in excess of $1,000,000.

## II. PARTIES

2.1  Plaintiff Shelia Wallingsford is a citizen and resident of Louisiana. Shelia Wallingsford is the surviving spouse of James Wallingsford, deceased ("Decedent").

Certified Document Number: 95542657 - Page 1 of 9

EXHIBIT A-1

2.2     Defendant SEACOR Marine, LLC., is a foreign limited liability company with its principal place of business in Houston, Harris County, Texas, doing business within this state and may be served through its registered Agent National Registered Agents, Inc., 1999 Bryan St., Ste. 900, Dallas, Texas 75201.

2.3     Defendant SEACOR Liftboats, LLC., is a foreign limited liability company, doing business in the state of Texas and may be served through its registered agent National Registered Agents, Inc., 1999 Bryan St., Ste. 900, Dallas, Texas 75201.

2.4     Defendant Talos Energy, LLC is a foreign limited liability company with its principal place of business in Houston, Harris County, Texas, doing business in the state of Texas and may be served through its registered agent CT Corporation System, 1999 Bryan St., Ste. 900, Dallas, Texas 75201.

2.5     Plaintiff specifically invokes the right to institute this suit against whatever entities were conducting business using an assumed or common name, if any, with regard to the events described in this Petition. Plaintiff specifically invokes the right under Rule 28, Texas Rules of Civil Procedure, to have the true name of such parties substituted at a later time, if necessary.

2.6     Plaintiff hereby presents these claims without prejudice to any rights and causes of action that may exist against any other parties arising out of the events giving rise to the claims made herein. Plaintiff specifically reserves the right to bring any such actions against any other persons and/or entities not otherwise made herein in a separate action, including the pursuit of any and all issues beyond the exclusive jurisdiction of this Admiralty Court pursuant to the Savings to Suitors clause, 28 U.S.C. §1333.

### III. JURISDICTION

3.1     This claim is brought pursuant to the Jones Act, 46 USC 30104, and general

Certified Document Number: 95542657 - Page 2 of 9

EXHIBIT A-1

maritime law of the United States. This Court has jurisdiction pursuant to the Savings to Suitors clause. This Court also has jurisdiction over this case because Defendants systematically conduct business in the State of Texas. The damages sought herein are in excess of the minimal jurisdictional limits of this Court.

3.2 It is well-established that Jones Act cases and cases brought under the general maritime law are not removable to federal court.

### IV. VENUE

4.1 Venue is proper in Harris County, Texas under Tex. Civ. Prac. & Rem. Code § 15.0181(c) because Harris County is the county where at least one of the Defendants' principal offices is located.

### V. FACTUAL BACKGROUND

5.1. At all material times herein, SEACOR Marine was the owner, operator, manager and owner pro hac vice of the *SEACOR Power* ("vessel"), a 265 class liftboat, the vessel to which James Wallingsford was assigned and on which he lost his life at the time of the incident made the basis of this suit. At the time of the incident, the vessel was performing under the direction and control to Talos, the charterer of the vessel.

5.2 The *SEACOR Power* sailed from Port Fourchon, LA on April 13, 2021

5.3 On or about April 13, 2021 at approximately 1630, it was reported that the *SEACOR Power* had capsized off the Louisiana Coast.

5.4 On or about April 13, 2021 at approximately 2100, five crew members were spotted on the hull of the *SEACOR Power*. Of those five crew members, two were rescued and two were reported to have returned to the inside of the vessel.

5.5 On or about April 15, 2021, Divers, contracted by Seacor Marine, dived the outer

EXHIBIT A-1

perimeter of the hull of the *SEACOR Power* and tapped on the vessel. No entry into the vessel was made.

5.6   On or about April 16, 2021, three days following the capsizing of the *SEACOR Power*, crewmembers James "Tracy" Wallingsford and Anthony Hartford were found deceased in the port-side engine room air pocket.

5.7   On or about April 17, 2021, an autopsy was conducted in LaFourche Parish identifying James "Tracy" Wallingsford and his cause of death was determined not to be drowning.

5.8   At all material times herein, James Wallingsford, was employed by Seacor as a member of the crew of the *SEACOR Power* in the capacity of deck hand/crane operator.

5.9   On April 13, 2021, the *SEACOR Power*, while navigating in the Gulf of Mexico within Louisiana territorial waters, was caused to capsize as a result of poor weather conditions. Of the 19 crew members on board, six have been rescued alive, six have been recovered deceased, including James Wallingsford, and seven remain missing.

5.10   At all material times herein, Shelia Wallingsford was married to James Wallingsford, and they were residents and domiciliaries of the state of Louisiana.

## VI. COUNT 1 – JONES ACT

6.1   Decedent's injuries were sustained in the course of his employment and were caused by the negligence and/or gross negligence of Seacor, its officers, agents, or employees, as described herein. While performing his duties in the service of the vessel, Decedent sustained severe injuries, ultimately resulting in his death when the vessel capsized.

6.2   The injuries and damages sustained by James Wallingsford and Plaintiff, Shelia Wallingsford, individually and in her capacity as representative of the estate of James Wallingsford, were caused by the negligence and/or fault of Seacor and negligence and/or fault

Certified Document Number: 95542657 - Page 4 of 9

EXHIBIT A-1

and/or unseaworthiness of the *SEACOR Power*, which includes the following nonexclusive particulars:

1. failure to navigate consistent with principles of good seamanship;
2. operating the vessel in an unsafe and improper manner;
3. failure to properly man, equip and supply the vessel;
4. failure to provide adequate training;
5. unsafe and/or lack of appropriate safe policies, procedures, and training;
6. unsafe and inadequate supervision of the crew;
7. failure to properly maintain, inspect, and/or repair the vessel(s) and/or its equipment
8. lack of due care;
9. lack of skill; lack of training;
10. lack of attention;
11. violating their own safety rules, policies, and regulations;
12. failing to properly plan the voyage;
13. failing to properly monitor for weather conditions; and to implement training procedures for heavy weather conditions.
14. failure of management to properly train the crew of the *SEACOR Power*;
15. failure of management to properly enforce safety procedures;
16. failure to plan and perform a timely rescue;
17. failure to provide adequate resources for immediate and 24-hour dive operations and hull penetration.
18. failure to advise the company hired to assist in rescue that two crew members were identified in thermal imaging cameras in or near the engine room.

5

Certified Document Number: 95542657 - Page 5 of 9

EXHIBIT A-1

19. failure of management to ensure safety of marine operations;

20. failure to provide shoreside nautical operational support the the vessel and crew;

21. failure to adequately provide and train for the risk of heavy weather in the Safety Management System;

22. failure to assess the vessel's vulnerabilities and operating limitations in heavy weather;

23. failure to provide a vessel stability plan prior to sailing;

24. failure to provide an amended vessel stability plan to include added oilfield equipment and personnel;

25. failure to provide the protocols and equipment for adequate weather observations;

26. failure to train for damage control and damage stability;

27. violating applicable Coast Guard, OSHA, BSEE rules, and/or other applicable rules and regulations; and

28. any other acts of negligence, fault and/or unseaworthiness that may be proven at the trial of this matter.

## VII. COUNT 2 – UNSEAWORTHINESS

7.1 Decedent's injuries and death and Plaintiff's resultant damages were caused by Seacor's breach of duty to furnish a seaworthy vessel.

## VIII. COUNT 3 – NEGLIGENCE

8.1 Upon information and belief, the marine accident that occurred herein was the result of the negligence and fault of the *SEACOR Power*, Seacor Marine and Talos Energy.

8.2 Talos owed Decedent a duty to exercise ordinary care.

8.3 The injuries and death of Decedent and resultant damages sustained by Plaintiff were proximately caused by the negligence of Talos, including without limitation, one or more of

Certified Document Number: 95542657 - Page 6 of 9

EXHIBIT A-1

the following acts:

1. failing to prepare for the dangerous weather conditions in the Gulf of Mexico on the date of the incident;

2. failing to adequately assess the dangerous weather conditions in the Gulf of Mexico on the date of the incident;

3. failing to implement sufficient policies and procedures to have prevented this tragedy;

4. failing to ensure the safety of workers aboard the vessel;

5. failing to perform all operations in a safe and work-like manner;

6. failing to properly plan and supervise the job;

7. failing to adequately assess and mitigate risks before the job;

8. ordering the vessel to sea in unsafe conditions as the charterer;

9. failing to have an emergency rescue plan;

10. failing to provide assistance and resources for rescue;

11. failing to assess stability of the vessel with added oilfield equipment and personnel prior to sailing; and

12. other acts of negligence and/or omissions to be shown at trial herein.

8.4 Each of the above listed acts and/or omissions, taken singularly or in combination, were a proximate cause of the incident made the basis of this suit and the injuries and death of Decedent and resultant damages of Plaintiff.

### IX. COUNT 4 – GROSS NEGLIGENCE

9.1 Defendants' acts and/or omissions rose to the level of gross negligence and warrant the imposition of exemplary damages. Defendants were well aware of the risk of harm to Decedent, yet exhibited conscious indifference to the rights of Decedent, which proximately caused his

Certified Document Number: 95542657 - Page 7 of 9

EXHIBIT A-1

injuries and death, and resultant damages complained of herein.

## X. DAMAGES

10.1 As a result of the negligence of Seacor, the *SEACOR Power* and Talos, James Wallingsford suffered severe pre-death physical and mental injury and pain and suffering, resulting in his eventual death. Shelia Wallingsford, individually and in her capacity as representative of the estate of James Wallingsford, is entitled to recover all damages allowable pursuant to the Jones Act and general maritime law for the pre-death pain, suffering and emotional distress of James Wallingsford, and special damages for funeral expenses and for the wrongful death of James Wallingsford, which damages include past, present and future loss of support and loss of earnings; past, present and future loss of services; loss of inheritance; loss of nurturing; loss of guidance and funeral expenses, and any and all other damages allowed by law. Dakota Nielsen is the daughter of James Wallingsford and has two grandchildren and is expecting a third shortly. Dakota Nielsen and her children have suffered loss of nurturing, guidance, support, and services as a result of the death of her father and children's grandfather.

10.2 Plaintiff seeks in excess of $50,000,000 and exemplary damages in the conscience of the trier of fact to deter such conscious indifference to human life and suffering and to deter corporations placing corporate profits, money and power over the lives of hard-working Americans.

## XI. CLAIM FOR RELIEF

11.1 Pursuant to Tex. R. Civ. P. 47(c)(4), Plaintiff is seeking monetary relief over $1,000,000.

## XII. JURY DEMAND

12.1 Plaintiff demands a trial by jury.

Certified Document Number: 95542657 - Page 8 of 9

EXHIBIT A-1

WHEREFORE, Plaintiff Shelia Wallingsford, individually and in her capacity as representative of the estate of James Wallingsford, prays the Court issue citations for Defendants to appear and answer, and that Plaintiff be awarded judgment against Defendants, for the following:

1. Actual damages;

2. Exemplary damages;

3. Prejudgment and post judgment interest;

4. Court costs;

5. Punitive damages and attorney's fees; and

6. All other relief to which Plaintiff is entitled.

        Respectfully submitted,

        */s/ Christopher Walker*
        Christopher Walker
        TX SBN 24103568
        cwalker@potts-law.com
        Potts Law Firm
        3737 Buffalo Speedway, Suite 1900
        Houston, Texas 77098
        Telephone: 713-963-8881
        Facsimile: 713-583-5388
        Attorneys for Plaintiff

Certified Document Number: 95542657 - Page 9 of 9

EXHIBIT A-1



I, Marilyn Burgess, District Clerk of Harris County, Texas certify that this is a true and correct copy of the original record filed and or recorded in my office, electronically or hard copy, as it appears on this date.
Witness my official hand and seal of office this   May 13, 2021

Certified Document Number:        95542657 Total Pages:  9

*Marilyn Burgess*

Marilyn Burgess, DISTRICT CLERK
HARRIS COUNTY, TEXAS

**In accordance with Texas Government Code 406.013 electronically transmitted authenticated documents are valid. If there is a question regarding the validity of this document and or seal please e-mail support@hcdistrictclerk.com**

EXHIBIT A-1