IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

| | | |
|---|---|---|
| SHELIA WALLINGSFORD, INDIVIDUALLY AND IN HER CAPACITY AS REPRESENTATIVE OF THE ESTATE OF JAMES WALLINGSFORD<br>Plaintiff, | § § § § § § | CIVIL ACTION NO. 21-01657 |
| v. | § § § § | JUDGE SIM LAKE |
| SEACOR MARINE, LLC,<br>SEACOR LIFTBOATS, LLC AND<br>TALOS ENERGY, LLC<br>Defendants, | § § § § § | |

United States Courts
Southern District of Texas
F I L E D

JUN - 3 2021

Nathan Ochsner, Clerk of Court

## MOTION TO REMAND

TO THE HONORABLE UNITED STATES DISTRICT JUDGE

Plaintiff, Shelia Wallingsford, individually and in her capacity as representative of the estate of James Wallingsford, respectfully requests this Court remand the present case back to the 269th Judicial District Court of Harris County, Texas pursuant to 28 U.S.C. §1447(c) in response to Defendant, Talos Energy, LLC's, Notice of Removal filed on May 20, 2021 (Rec. Doc. 1). In support thereof, Plaintiff respectfully shows:

### INTRODUCTION

Plaintiff herein, Shelia Wallingsford, is the surviving spouse of James Wallingsford, a deck hand/crane operator assigned to the *SEACOR Power*, a 265 class liftboat owned, operated and managed by SEACOR Marine, LLC, and aboard the vessel on April 13, 2021, on or about said date he lost his life when the vessel capsized off the Louisiana Coast at approximately 1630 due to poor weather conditions. On or about April 13, 2021, at approximately 2100, several crew

members and/or passengers were spotted on the hull of the *SEACOR Power*. Of those crew members and/or passengers, several were rescued and two were reported to have returned to the inside of the vessel. On or about April 16, 2021, three days following the capsizing of the *SEACOR Power*, divers discovered Mr. Wallingsford deceased in the port-side engine room of the vessel.

## PROCEDURAL HISTORY

On April 27, 2021, Plaintiff herein, Shelia Wallingsford, individually and in her capacity as representative of the estate of James Wallingsford, filed her Original Petition for Damages and Jury Demand in the 269th Judicial District Court of Harris County, Texas. See Original Petition, attached herein as Exhibit 1. Therein, Mrs. Wallingsford named as Defendants, SEACOR Marine, LLC, SEACOR Liftboats, LLC, (hereinafter both SEACOR companies shall be referred to as "SEACOR") and Talos Energy, LLC, (hereinafter referred to as "TALOS"). Claims against SEACOR were brought pursuant to the Jones Act, 46 USC 30104, and general maritime law of the United States. A general maritime law claim for negligence of the charterer, TALOS, was also filed by Mrs. Wallingsford. On May 20, 2021, TALOS filed a Notice of Removal removing the state court suit involved herein to this honorable Court based upon Outer Continental Shelf Lands Act jurisdiction as an original basis for federal jurisdiction. 43 U.S.C. §1349.

Plaintiff herein has attempted to file a Notice of Voluntary Dismissal Pursuant to Federal Rule of Civil Procedure 41(a)(1)(A)(i) dismissing named TALOS **without prejudice** and reserving all rights and causes of action, which is attached herein as Exhibit 2. At this time, said filing is allegedly in the que for filing with the clerk of court as of the mailing of this pleading. Plaintiff has also attempted to file a Notice of Voluntary Dismissal of Alleged General Maritime Law Claims only against SEACOR pursuant to Rule 41(a)(1)(A)(i), **without prejudice** and reserving all rights and causes of action, which is attached herein as Exhibit 3. This filing is also

allegedly in the que for filing with the clerk of court as of the mailing of this pleading. Accordingly, Plaintiff seeks to dismiss not only TALOS as a party to this action, but also seeks to dismiss the general maritime claims only, which were previously brought against SEACOR. As a result, the only remaining claims involved in the present action have been brought against SEACOR pursuant to the Jones Act, 46 USC 30104, for negligence.

## LAW AND ARGUMENT

Generally, a party may remove an action from state court to federal court if the action is one over which the federal court possesses subject matter jurisdiction. 28 U.S.C. §1441(a). However, it is well-settled that as a general rule Jones Act cases are not removable. *Pelagidis v. Future Care, Inc.*, No. CV H-17-3798, 2018 WL 2221838, at *6 (S.D. Tex. May 15, 2018), *citing Fields v. Pool Offshore, Inc.*, 182 F.3d 353, 356 (5th Cir. 1999); *see also Burchett v. Cargill, Inc.*, 48 F.3d 173, 175 (5th Cir. 1995). "The Jones Act provides a remedy and guarantees a right to trial by jury for seamen who are injured or die in the course of employment." *Pelagidis*, 2018 WL 2221838, at *6, *quoting Sanders v. Cambrian Consultants Am., Inc.*, 132 F.Supp.3d 853, at 855 (S.D. Tex. 2015), citing 46 U.S.C. § 30104. "The Jones Act incorporates the Federal Employers Liability Act, which makes claims under it nonremovable. 'It is axiomatic that Jones Act suits may not be removed from state court because 46 U.S.C. § 688 (the Jones Act) incorporates the general provisions of the Federal Employer's Liability Act, including 28 U.S.C. § 1445(a), which in turn bars removal.'" *Pelagidis*, 2018 WL 2221838, at *8, quoting *Lackey v. Atlantic Richfield Co.*, 990 F.2d 202, 207 (5th Cir. 1993); *see also Sanders*, 132 F.Supp.3d at 855 ("[The defendant] concedes that Jones Act claims are not removable per *28 U.S.C. § 1445(a)*, which is incorporated into the Jones Act.").

When "a claim not within the original or supplemental jurisdiction of the district court or a claim that has been made nonremovable by statute" is joined with a federal-law claim, the court "shall sever from the action [the nonremovable claim] and shall remand the severed claims to the State court from which the action was removed." *Pelagidis*, 2018 WL 2221838, at *8, *quoting* 28 U.S.C. §1441(c). "With the enactment of the Federal Court Jurisdiction and Venue Clarification Act of 2011, a court with a case involving both federal and state claims is required by Section 1441 (c)(2) to remand any of the claims that are not within the original or supplemental jurisdiction of the federal courts or that have been made non-removable by statute. As a result, a Jones Act claim joined with a removable separate and independent claim must be severed and remanded to effectuate the non-removability of Jones Act cases." *Pelagidis*, 2018 WL 2221838, at *8, *quoting* 14A Wright & Miller, Federal Practice & Procedure § 3674; *see also Landerman v. Tarpon Operating & Dev., L.L.C.*, 19 F.Supp.3d 678, 684–678 (E.D. La. 2014) ("[I]n accordance with the mandatory language of § 1441(c), the Court simply severs [the Jones Act claim] and remands it to state court."); *Shultz v. Hercules Offshore, Inc.*, No. 1:14-CV-188, 2014 WL 2041282, at *3–4, 2014 U.S. Dist. LEXIS 67449, at *10 (E.D. Tex. May 15, 2014) (same).

A Jones Act claim is severed and remanded if an otherwise removable separate claim is within federal-question jurisdiction under 28 U.S.C. § 1331. *Pelagidis*, 2018 WL 2221838, at *8, see also *Freeman v. Phillips 66 Co.*, No. 14-311; 14-624, 2014 WL 1379786, at *5, 2014 U.S. Dist. LEXIS 48357, at *22 (E.D. La. Apr. 8, 2014).

The present case before the Court should be remanded back to the state court forum wherein it was originally filed in Harris County, Texas because Plaintiff herein has voluntarily dismissed Defendant, TALOS, as well as all general maritime claims only against Defendants, SEACOR, thereby removing all claims that may possibly be interpreted to supply this honorable

court with an independent basis of jurisdiction pursuant to 43 U.S.C. §1349. Accordingly, only Jones Act claims remain and have been asserted against SEACOR. Based upon the law cited in the present Motion to Remand, it is well-settled that cases based upon the Jones Act are not removable to federal court. As such, remand in this instance is appropriate.

## CONCLUSION

Plaintiff, Shelia Wallingsford, individually and in her capacity as representative of the estate of James Wallingsford, respectfully requests this Court remand the present case and remaining Jones Act claims against SEACOR back to the 269th Judicial District Court of Harris County, Texas pursuant to 28 U.S.C. §1447(c).

Respectfully submitted,

DISCON LAW FIRM
BY: /s/THOMAS M. DISCON
THOMAS M. DISCON, T.A. #14219
CHARLOTTE D. STRIEF #35751
424 N. Causeway Blvd., Suite A
Mandeville, LA 70448
Telephone: 985-674-9748
Facsimile: 985 674-9749
Email: tdiscon@disconlawfirm.com

AND

/s/ ROBERT K. LANSDEN
ROBERT K. LANSDEN #25441
158 South 6th Street
Ponchatoula, LA 70454
Telephone: 985-370-9006
Email: robert@captainlansden.com
*Attorneys for Plaintiff*

## CERTIFICATE OF SERVICE

I hereby certify that on June 2, 2021, I electronically filed the foregoing with the Clerk of Court by using the electronic filing system. Notice of this filing will be sent by operation of the court's electronic filing system to all electronic filing participants. I also certify that the above and foregoing has this date been forwarded by U.S. Mail, postage prepaid and properly addressed to the non-electronic filing participants.

/s/ *Thomas M. Discon*
THOMAS M. DISCON

4/27/2021 2:40 PM
Marilyn Burgess - District Clerk Harris County
Envelope No. 52871471
By: Courtni Gilbert
Filed: 4/27/2021 2:40 PM

**2021-25081 / Court: 269**

CAUSE NO:_____

| | |
|---|---|
| SHELIA WALLINGSFORD, INDIVIDUALLY AND IN HER CAPACITY AS REPRESENTATIVE OF THE ESTATE OF JAMES WALLINGSFORD <br><br> V. <br><br> SEACOR MARINE, LLC, SEACOR LIFTBOATS, LLC AND TALOS ENERGY, LLC | IN THE DISTRICT COURT <br><br> HARRIS COUNTY, TEXAS <br><br> _____JUDICIAL DISTRICT |

### PLAINTIFF'S ORIGINAL PETITION FOR DAMAGES AND JURY DEMAND

TO THE HONORABLE JUDGE OF SAID COURT:

COMES NOW Plaintiff, SHELIA WALLINGSFORD, INDIVIDUALLY AND IN HER CAPACITY AS REPRESENTATIVE OF THE ESTATE OF JAMES WALLINGSFORD ("Plaintiff"), complaining of Defendants SEACOR Marine, LLC and SEACOR Liftboats, LLC (collectively "Seacor"), and Talos Energy, LLC ("Talos"), and for cause of action, would respectfully show this Honorable Court as follows:

### I. DISCOVERY CONTROL PLAN

1.1  Plaintiff intends to conduct discovery under Level 3 of Texas Rule of Civil Procedure 190.4.

1.2  Plaintiff affirmatively pleads this suit does not fall under the expedited-actions process of Texas Rule of Civil Procedure because Plaintiff is seeking monetary relief in excess of $1,000,000.

### II. PARTIES

2.1  Plaintiff Shelia Wallingsford is a citizen and resident of Louisiana. Shelia Wallingsford is the surviving spouse of James Wallingsford, deceased ("Decedent").



2.2 Defendant SEACOR Marine, LLC., is a foreign limited liability company with its principal place of business in Houston, Harris County, Texas, doing business within this state and may be served through its registered Agent National Registered Agents, Inc., 1999 Bryan St., Ste. 900, Dallas, Texas 75201.

2.3 Defendant SEACOR Liftboats, LLC., is a foreign limited liability company, doing business in the state of Texas and may be served through its registered agent National Registered Agents, Inc., 1999 Bryan St., Ste. 900, Dallas, Texas 75201.

2.4 Defendant Talos Energy, LLC is a foreign limited liability company with its principal place of business in Houston, Harris County, Texas, doing business in the state of Texas and may be served through its registered agent CT Corporation System, 1999 Bryan St., Ste. 900, Dallas, Texas 75201.

2.5 Plaintiff specifically invokes the right to institute this suit against whatever entities were conducting business using an assumed or common name, if any, with regard to the events described in this Petition. Plaintiff specifically invokes the right under Rule 28, Texas Rules of Civil Procedure, to have the true name of such parties substituted at a later time, if necessary.

2.6 Plaintiff hereby presents these claims without prejudice to any rights and causes of action that may exist against any other parties arising out of the events giving rise to the claims made herein. Plaintiff specifically reserves the right to bring any such actions against any other persons and/or entities not otherwise made herein in a separate action, including the pursuit of any and all issues beyond the exclusive jurisdiction of this Admiralty Court pursuant to the Savings to Suitors clause, 28 U.S.C. §1333.

### III. JURISDICTION

3.1 This claim is brought pursuant to the Jones Act, 46 USC 30104, and general

maritime law of the United States. This Court has jurisdiction pursuant to the Savings to Suitors clause. This Court also has jurisdiction over this case because Defendants systematically conduct business in the State of Texas. The damages sought herein are in excess of the minimal jurisdictional limits of this Court.

3.2     It is well-established that Jones Act cases and cases brought under the general maritime law are not removable to federal court.

### IV. VENUE

4.1     Venue is proper in Harris County, Texas under Tex. Civ. Prac. & Rem. Code § 15.0181(c) because Harris County is the county where at least one of the Defendants' principal offices is located.

### V. FACTUAL BACKGROUND

5.1.    At all material times herein, SEACOR Marine was the owner, operator, manager and owner pro hac vice of the *SEACOR Power* ("vessel"), a 265 class liftboat, the vessel to which James Wallingsford was assigned and on which he lost his life at the time of the incident made the basis of this suit. At the time of the incident, the vessel was performing under the direction and control to Talos, the charterer of the vessel.

5.2     The *SEACOR Power* sailed from Port Fourchon, LA on April 13, 2021

5.3     On or about April 13, 2021 at approximately 1630, it was reported that the *SEACOR Power* had capsized off the Louisiana Coast.

5.4     On or about April 13, 2021 at approximately 2100, five crew members were spotted on the hull of the *SEACOR Power*. Of those five crew members, two were rescued and two were reported to have returned to the inside of the vessel.

5.5     On or about April 15, 2021, Divers, contracted by Seacor Marine, dived the outer

perimeter of the hull of the *SEACOR Power* and tapped on the vessel. No entry into the vessel was made.

5.6     On or about April 16, 2021, three days following the capsizing of the *SEACOR Power*, crewmembers James "Tracy" Wallingsford and Anthony Hartford were found deceased in the port-side engine room air pocket.

5.7     On or about April 17, 2021, an autopsy was conducted in LaFourche Parish identifying James "Tracy" Wallingsford and his cause of death was determined not to be drowning.

5.8     At all material times herein, James Wallingsford, was employed by Seacor as a member of the crew of the *SEACOR Power* in the capacity of deck hand/crane operator.

5.9     On April 13, 2021, the *SEACOR Power*, while navigating in the Gulf of Mexico within Louisiana territorial waters, was caused to capsize as a result of poor weather conditions. Of the 19 crew members on board, six have been rescued alive, six have been recovered deceased, including James Wallingsford, and seven remain missing.

5.10    At all material times herein, Shelia Wallingsford was married to James Wallingsford, and they were residents and domiciliaries of the state of Louisiana.

## VI. COUNT 1 – JONES ACT

6.1     Decedent's injuries were sustained in the course of his employment and were caused by the negligence and/or gross negligence of Seacor, its officers, agents, or employees, as described herein. While performing his duties in the service of the vessel, Decedent sustained severe injuries, ultimately resulting in his death when the vessel capsized.

6.2     The injuries and damages sustained by James Wallingsford and Plaintiff, Shelia Wallingsford, individually and in her capacity as representative of the estate of James Wallingsford, were caused by the negligence and/or fault of Seacor and negligence and/or fault

and/or unseaworthiness of the *SEACOR Power*, which includes the following nonexclusive particulars:

1. failure to navigate consistent with principles of good seamanship;
2. operating the vessel in an unsafe and improper manner;
3. failure to properly man, equip and supply the vessel;
4. failure to provide adequate training;
5. unsafe and/or lack of appropriate safe policies, procedures, and training;
6. unsafe and inadequate supervision of the crew;
7. failure to properly maintain, inspect, and/or repair the vessel(s) and/or its equipment
8. lack of due care;
9. lack of skill; lack of training;
10. lack of attention;
11. violating their own safety rules, policies, and regulations;
12. failing to properly plan the voyage;
13. failing to properly monitor for weather conditions; and to implement training procedures for heavy weather conditions.
14. failure of management to properly train the crew of the *SEACOR Power*;
15. failure of management to properly enforce safety procedures;
16. failure to plan and perform a timely rescue;
17. failure to provide adequate resources for immediate and 24-hour dive operations and hull penetration.
18. failure to advise the company hired to assist in rescue that two crew members were identified in thermal imaging cameras in or near the engine room.

19. failure of management to ensure safety of marine operations;

20. failure to provide shoreside nautical operational support the the vessel and crew;

21. failure to adequately provide and train for the risk of heavy weather in the Safety Management System;

22. failure to assess the vessel's vulnerabilities and operating limitations in heavy weather;

23. failure to provide a vessel stability plan prior to sailing;

24. failure to provide an amended vessel stability plan to include added oilfield equipment and personnel;

25. failure to provide the protocols and equipment for adequate weather observations;

26. failure to train for damage control and damage stability;

27. violating applicable Coast Guard, OSHA, BSEE rules, and/or other applicable rules and regulations; and

28. any other acts of negligence, fault and/or unseaworthiness that may be proven at the trial of this matter.

## VII. COUNT 2 – UNSEAWORTHINESS

7.1   Decedent's injuries and death and Plaintiff's resultant damages were caused by Seacor's breach of duty to furnish a seaworthy vessel.

## VIII. COUNT 3 – NEGLIGENCE

8.1   Upon information and belief, the marine accident that occurred herein was the result of the negligence and fault of the *SEACOR Power*, Seacor Marine and Talos Energy.

8.2   Talos owed Decedent a duty to exercise ordinary care.

8.3   The injuries and death of Decedent and resultant damages sustained by Plaintiff were proximately caused by the negligence of Talos, including without limitation, one or more of

the following acts:

1. failing to prepare for the dangerous weather conditions in the Gulf of Mexico on the date of the incident;

2. failing to adequately assess the dangerous weather conditions in the Gulf of Mexico on the date of the incident;

3. failing to implement sufficient policies and procedures to have prevented this tragedy;

4. failing to ensure the safety of workers aboard the vessel;

5. failing to perform all operations in a safe and work-like manner;

6. failing to properly plan and supervise the job;

7. failing to adequately assess and mitigate risks before the job;

8. ordering the vessel to sea in unsafe conditions as the charterer;

9. failing to have an emergency rescue plan;

10. failing to provide assistance and resources for rescue;

11. failing to assess stability of the vessel with added oilfield equipment and personnel prior to sailing; and

12. other acts of negligence and/or omissions to be shown at trial herein.

8.4     Each of the above listed acts and/or omissions, taken singularly or in combination, were a proximate cause of the incident made the basis of this suit and the injuries and death of Decedent and resultant damages of Plaintiff.

## IX. COUNT 4 – GROSS NEGLIGENCE

9.1     Defendants' acts and/or omissions rose to the level of gross negligence and warrant the imposition of exemplary damages. Defendants were well aware of the risk of harm to Decedent, yet exhibited conscious indifference to the rights of Decedent, which proximately caused his

7

injuries and death, and resultant damages complained of herein.

## X. DAMAGES

10.1 As a result of the negligence of Seacor, the *SEACOR Power* and Talos, James Wallingsford suffered severe pre-death physical and mental injury and pain and suffering, resulting in his eventual death. Shelia Wallingsford, individually and in her capacity as representative of the estate of James Wallingsford, is entitled to recover all damages allowable pursuant to the Jones Act and general maritime law for the pre-death pain, suffering and emotional distress of James Wallingsford, and special damages for funeral expenses and for the wrongful death of James Wallingsford, which damages include past, present and future loss of support and loss of earnings; past, present and future loss of services; loss of inheritance; loss of nurturing; loss of guidance and funeral expenses, and any and all other damages allowed by law. Dakota Nielsen is the daughter of James Wallingsford and has two grandchildren and is expecting a third shortly. Dakota Nielsen and her children have suffered loss of nurturing, guidance, support, and services as a result of the death of her father and children's grandfather.

10.2 Plaintiff seeks in excess of $50,000,000 and exemplary damages in the conscience of the trier of fact to deter such conscious indifference to human life and suffering and to deter corporations placing corporate profits, money and power over the lives of hard-working Americans.

## XI. CLAIM FOR RELIEF

11.1 Pursuant to Tex. R. Civ. P. 47(c)(4), Plaintiff is seeking monetary relief over $1,000,000.

## XII. JURY DEMAND

12.1 Plaintiff demands a trial by jury.

8

WHEREFORE, Plaintiff Shelia Wallingsford, individually and in her capacity as representative of the estate of James Wallingsford, prays the Court issue citations for Defendants to appear and answer, and that Plaintiff be awarded judgment against Defendants, for the following:

1. Actual damages;

2. Exemplary damages;

3. Prejudgment and post judgment interest;

4. Court costs;

5. Punitive damages and attorney's fees; and

6. All other relief to which Plaintiff is entitled.

Respectfully submitted,

*/s/ Christopher Walker*
Christopher Walker
TX SBN 24103568
cwalker@potts-law.com
Potts Law Firm
3737 Buffalo Speedway, Suite 1900
Houston, Texas 77098
Telephone: 713-963-8881
Facsimile: 713-583-5388
Attorneys for Plaintiff

IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

| | | |
|---|---|---|
| SHELIA WALLINGSFORD, INDIVIDUALLY AND IN HER CAPACITY AS REPRESENTATIVE OF THE ESTATE OF JAMES WALLINGSFORD<br>Plaintiff,<br><br>v.<br><br><br>SEACOR MARINE, LLC,<br>SEACOR LIFTBOATS, LLC AND<br>TALOS ENERGY, LLC<br>Defendants, | § § § § § § § § § § § § § § | CIVIL ACTION NO. 21-01657<br><br><br><br><br>JUDGE SIM LAKE |

NOTICE OF VOLUNTARY DISMISSAL
PURSUANT TO F.R.C.P. 41(a)(1)(A)(i)

Plaintiff, Shelia Wallingsford, individually and in her capacity as representative of the estate of James Wallingsford ("Plaintiff"), by and through undersigned counsel of record, does hereby state that no party has served an answer or a motion for summary judgment. Pursuant to Federal Rule of Civil Procedure 41(a)(1)(A)(i), Plaintiff hereby dismisses Talos Energy, LLC without prejudice, reserving to Plaintiff all rights and causes of action against Talos Energy, LLC and all other parties herein.

Respectfully submitted,

DISCON LAW FIRM
BY: /s/THOMAS M. DISCON
THOMAS M. DISCON, T.A. #14219
CHARLOTTE D. STRIEF #35751
424 N. Causeway Blvd., Suite A
Mandeville, LA 70448
Telephone: 985-674-9748
Facsimile: 985 674-9749
Email: tdiscon@disconlawfirm.com



AND

/s/ ROBERT K. LANSDEN
ROBERT K. LANSDEN #25441
158 South 6th Street
Ponchatoula, LA  70454
Telephone: 985-370-9006
Email: robert@captainlansden.com
*Attorneys for Plaintiff*

## CERTIFICATE OF SERVICE

I hereby certify that on May 25, 2021, I electronically filed the foregoing with the Clerk of Court by using the electronic filing system. Notice of this filing will be sent by operation of the court's electronic filing system to all electronic filing participants. I also certify that the above and foregoing has this date been forwarded by U.S. Mail, postage prepaid and properly addressed to the non-electronic filing participants.

/s/ *Thomas M. Discon*
THOMAS M. DISCON

IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

| | |
|---|---|
| SHELIA WALLINGSFORD, INDIVIDUALLY AND IN HER CAPACITY AS REPRESENTATIVE OF THE ESTATE OF JAMES WALLINGSFORD<br>Plaintiff,<br><br>v.<br><br><br>SEACOR MARINE, LLC, SEACOR LIFTBOATS, LLC AND TALOS ENERGY, LLC<br>Defendants, | CIVIL ACTION NO. 21-01657<br><br><br><br>JUDGE SIM LAKE |

### NOTICE OF VOLUNTARY DISMISSAL OF ALLEGED GENERAL MARITIME LAW CLAIMS ONLY AGAINST SEACOR MARINE, LLC. AND SEACOR LIFTBOATS, LLC. PURSUANT TO F.R.C.P. 41(a)(1)(A)(i)

Plaintiff, Shelia Wallingsford, individually and in her capacity as representative of the estate of James Wallingsford ("Plaintiff"), by and through undersigned counsel of record, does hereby state that no party in this matter has served an answer or a motion for summary judgment. Pursuant to Federal Rule of Civil Procedure 41(a)(1)(A)(i), Plaintiff hereby dismisses Seacor Marine, LLC and Seacor Liftboats, LLC only with respect to any alleged general maritime law-based claims, including, but not limited to, general maritime law claim for unseaworthiness of the vessel, Seacor Power, and/or any general maritime law claim for negligence, **without prejudice**, reserving to Plaintiff all rights and causes of action against Seacor Marine, LLC, Seacor Liftboats, LLC and any and all other parties possibly responsible herein. Subject to the two Notices of Voluntary Dismissal filed herein by Plaintiff, the only remaining claim presently before this Court is the claim of Plaintiff for Jones Act negligence pursuant to 46 USC 30104 against Seacor Marine, LLC and Seacor Liftboats, LLC.



PLAINTIFF'S EXHIBIT 3

Respectfully submitted,

DISCON LAW FIRM
BY: /s/THOMAS M. DISCON
THOMAS M. DISCON, T.A. #14219
CHARLOTTE D. STRIEF #35751
424 N. Causeway Blvd., Suite A
Mandeville, LA  70448
Telephone: 985-674-9748
Facsimile: 985 674-9749
Email: tdiscon@disconlawfirm.com

AND

/s/ ROBERT K. LANSDEN
ROBERT K. LANSDEN #25441
158 South 6th Street
Ponchatoula, LA  70454
Telephone: 985-370-9006
Email: robert@captainlansden.com
*Attorneys for Plaintiff*

## CERTIFICATE OF SERVICE

I hereby certify that on May 27, 2021, I electronically filed the foregoing with the Clerk of Court by using the electronic filing system. Notice of this filing will be sent by operation of the court's electronic filing system to all electronic filing participants. I also certify that the above and foregoing has this date been forwarded by U.S. Mail, postage prepaid and properly addressed to the non-electronic filing participants.

/s/ *Thomas M. Discon*
THOMAS M. DISCON

# DISCON LAW FIRM, L.L.C.

*424 N. Causeway Blvd., Suite A ♦ Mandeville, LA 70448*

*Thomas M. Discon*
*Charlotte Discon Strief, Associate*
*Scott G. Discon\*, Associate*
*\*Licensed in Louisiana and Mississippi*

*Telephone: (985)674-9748*
*Facsimile: (985)674-9749*
*Toll Free: (800)690-6435*
*Website: www.disconlawfirm.com*

June 2, 2021

Via FedEx
Bob Casey United States Courthouse
Attention: Civil Filing
515 Rusk Avenue
Houston, TX 77002

Re: Shelia Wallingsford, et al v. Seacor Marine, LLC, et al
USDC SDTX Houston Division No. 2021-cv-01657

Gentlemen:

Enclosed please find an original and copies of Plaintiff's Motion to Remand. We ask that said motion be filed into the record. Please return a conformed copy to our office in the self-addressed, stamped envelope provided.

Should have any questions please do not hesitate to contact the undersigned.

Very truly yours,

Thomas M. Discon

TMD/nd
Enclosure